```
                              UNITED STATES DISTRICT COURT
                                DISTRICT OF CONNECTICUT

------------------------------x
                              :
ROBERT W. JOHNSON             :    Civ. No. 3:22CV00145(SALM)
                              :
v.                            :
                              :
EVA CHUMSKY                   :    February 17, 2022
                              :
------------------------------x
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Robert W. Johnson ("plaintiff"), a resident of New York State, filed this action in the District of Connecticut on January 25, 2022. On that same date, he filed a motion to proceed in forma pauperis. See Doc. #2.

The Complaint names one defendant: Eva Chumsky.[1] See Doc. #1 at 1. The Complaint consists of a single handwritten page accompanied by eight pages of attachments. The handwritten page -- the Complaint itself -- reads, in its entirety:

> Statement of Facts: Robert W. Johnson was discriminated against by Buffalo City Mission, Kathy Hochul, Maria L. Imperial and Eva Chumsky after sustaining near death injuries on 12/31/19. All parties denied Robert W. Johnson Due Process Rights and all other rights entitled to Robert W. Johnson.

---

[1] "Rule 10(a) of the Federal Rules of Civil Procedure requires plaintiffs to list all defendants in the caption of a complaint." Gilhooly v. Armstrong, No. 3:03CV01798(MRK), 2006 WL 322473, at *2 (D. Conn. Feb. 9, 2006); see also Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]" (emphasis added)). To the extent plaintiff refers to other parties in his handwritten submission, the Court does not construe these parties to be defendants given that the Complaint expressly says: "Defendants: Eva Chumsky." Doc. #1 at 1.

1

Doc. #1 at 1 (sic). Attached to the Complaint is a copy of a complaint filed with the New York State Division of Human Rights. See Doc. #1 at 2-9.

## I.     Standard of Review

When a plaintiff files a civil complaint in forma pauperis under 28 U.S.C. §1915, the Court reviews the complaint to determine whether it is sufficient to proceed to service of process. Section 1915 provides that "the court shall dismiss the case at any time if the court determines that[]" the case "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(ii).

Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rule 8 sets forth the general rules of pleading in federal court:

> A pleading that states a claim for relief must contain:
>
>> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). The purpose of Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

"[W]hile a pro se litigant's pleadings must be construed liberally, ... pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) (citations omitted). Furthermore, the rationale for affording special solicitude to self-represented litigants is diminished where a self-represented plaintiff has experience with litigation, as this plaintiff does.[2] See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) (concluding that sparse pleadings, typically sufficient to allow leave to amend for a self-represented plaintiff unfamiliar with the legal system, were insufficient for a repeat self-represented litigant). In such cases, "the deference usually granted to pro se plaintiffs need not be

---

[2] Plaintiff is well versed in civil litigation, having filed more than 20 cases in this District, and well over 100 in other Districts.

expansively drawn[.]" Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001).

The Court is not only permitted, but required, to dismiss a pending action when the Court finds that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Where there is a lack of subject matter jurisdiction, dismissal is mandatory." Patterson v. Rodgers, 708 F. Supp. 2d 225, 233 (D. Conn. 2010).

## II. Discussion

The Complaint fails to assert any basis for subject matter jurisdiction, and the Court can find none based on its scant allegations. Furthermore, the Court is unable to ascertain any valid legal claim from the face of the Complaint, and cannot expect any defendant to answer the Complaint as written.

"A federal court is obligated to inquire into subject matter jurisdiction sua sponte at the earliest opportunity to determine whether such jurisdiction exists." Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 510 (D. Conn. 2015), aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co., 632 F. App'x 32 (2d Cir. 2016). Again, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

A District Court has subject matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. §1331, and (2) civil actions between diverse parties "where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. §1332(a). "[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

The Complaint asserts that defendant and others "denied Robert W. Johnson Due Process Rights and all other rights[.]" Doc. #1 at 1. However, this mere passing reference to a Constitutional right is insufficient to invoke federal question jurisdiction.[3] Plaintiff's conclusory statement that he "was discriminated against" by defendant and others is likewise insufficient to sustain federal question jurisdiction. Plaintiff makes no allegations as to: the nature of the discrimination he allegedly suffered; the basis for any such discrimination; his membership in any protected class; the harm caused or loss suffered because of the discrimination; or the statutory or

---

[3] Plaintiff has written "440 Other Civil Rights. Due Process Rights, Denial of Insurance Coverage" on the Civil Cover Sheet. Doc. #1-1 at 1. This is insufficient to convey federal question jurisdiction.

Constitutional provision he believes was violated by the discrimination. See, e.g., Halder v. Avis Rent-A-Car Sys., Inc., 541 F.2d 130, 131 (2d Cir. 1976) (plaintiff asserting discrimination must do more than allege he was not hired); Huff v. W. Haven Bd. of Educ., 10 F. Supp. 2d 117, 124 (D. Conn. 1998) (dismissing claim where complaint set "forth only conclusory allegations of discrimination[]" and was "devoid of any factual allegations"). Accordingly, the Court does not have federal question jurisdiction over this action. See 28 U.S.C. §1331.

    Likewise, plaintiff makes no allegations about the citizenship of the parties. For diversity jurisdiction to apply, the parties must be diverse and the amount in controversy must exceed $75,000. See 28 U.S.C. §1332. Dismissal is appropriate where plaintiff does not allege "diversity of citizenship between [him]self and any of the defendants." Graddy v. Bonsal, 375 F.2d 764, 765 (2d Cir. 1967). Indeed, the attachments suggest that Eva Chumsky is a citizen of New York, as is plaintiff, such that there is no diversity of citizenship between the parties. "Complete diversity of citizenship is required, meaning that there cannot be citizens from the same State on opposing sides of the litigation." Seemann v. Maxwell, 178 F.R.D. 23, 24 (N.D.N.Y. 1998). Accordingly, the Court does not have diversity jurisdiction over this action.

Because the Court does not have subject matter jurisdiction over the Complaint, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"In the absence of subject matter jurisdiction, the Court need not decide whether the Complaint states any viable claims." Gonzalez, 74 F. Supp. 3d at 518. However, the Court notes that the Complaint also fails utterly to comply with Rule 8. Furthermore, the Complaint makes no factual allegations whatsoever; it simply states that defendant and others discriminated against plaintiff and denied him his rights. As such, it fails to state a claim upon which relief may be granted. Indeed, the named defendant is not alleged to have taken any specific action against plaintiff. Thus, even if the Court had subject matter jurisdiction over this matter, it would be dismissed for failure to state a claim, and for failure to comply with Rule 8.

Accordingly, the Complaint [Doc. #1] is **DISMISSED, without prejudice**.

### III. Conclusion

For the foregoing reasons, the Complaint is **DISMISSED**.

The Clerk is directed to close this case.

If plaintiff wishes to attempt to state a claim upon which relief may be granted, he may file a motion to reopen the case,

together with a proposed Amended Complaint, on or before **March 11, 2022.**

It is so ordered this 17th day of February, 2022, at New Haven, Connecticut.

```
        /s/
_____
SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE
```